IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATALY LUNA-ACOSTA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  4:25-CV-00008-O |
| § | |
| TARRANT COUNTY COLLEGE § | |
| DISTRICT § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss and Brief in Support (ECF No. 7); Plaintiff's Response and Brief in Support (ECF No. 10); and Defendant's Reply (ECF No. 11). After considering the briefing and relevant case law, the Court determines that Defendant's Motion to Dismiss should be **GRANTED in part** and **DENIED in part**.

**I.      BACKGROUND**[1]

This suit arises out of an employment dispute. Plaintiff Nataly Luna-Acosta began working as a Human Resources Specialist for Defendant Tarrant County College in June 2018. On June 20, 2022, Plaintiff was involved in a car accident that left her with Post Concussion Syndrome, and she subsequently utilized the Family Medical Leave Act to recover from her injuries. In November 2022, Plaintiff was cleared to return to work with reasonable accommodation. Defendant refused to provide the accommodation and instead required Plaintiff to take an unpaid personal leave of absence. On January 19, 2023, Plaintiff met with Defendant's Director of Employee Relations

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Complaint. *See* Pl.'s Compl., ECF No. 1. At this stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

1

regarding allegations that she was engaging in activities inconsistent with her injuries, including driving her vehicle. Ultimately, Defendant terminated Plaintiff on April 17, 2023.

Plaintiff filed this action against Defendant bringing claims of disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act (42 U.S.C. §§ 12112, 12203) and disability discrimination and hostile work environment under Chapter 21 of the Texas Labor Code. Defendant then filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), which is now ripe for the Court's review.[2]

## II.   LEGAL STANDARD

### A.   12(b)(5)

Rule 12(b)(5) allows a party to seek dismissal for "insufficient service of process." FED. R. CIV. P. 12(b)(5). "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). However, even if "good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original).

---

[2] Def.'s Mot. Dismiss, ECF No. 7.

### B. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6)

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

## III.     ANALYSIS

### A. Insufficient Service of Process

Defendant moves to dismiss Plaintiff's complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to serve Defendant within the 90-day window required by Rule 4(m).[3] Plaintiff does not dispute that she served Defendant outside of this window but instead asserts that she "complied with the Court's order and filed proof of service on April 16, 2025 thus complying with the Courts [sic] request under Rule 4(m)."[4] Plaintiff's assumption that she complied with the Court's April 16, 2025 Order is incorrect.

The Order required "Plaintiff to provide proof of service as to Defendant **<u>in accordance with Rule 4</u>** or voluntarily dismiss this case no later than April 23, 2025"[5]—meaning Plaintiff needed to provide proof that she had served Defendant within Rule 4(m)'s 90-day requirement. While Plaintiff has not shown good cause for an extension, the Court construes Plaintiff's mistaken assumption that she complied with the Court's Order as a retroactive motion to extend time to serve Defendant, which the Court grants. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("when a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service.") (emphasis in original). Accordingly, Defendant's Motion to Dismiss under Rule 12(b)(5) is **DENIED**.

---

[3] Def.'s Mot. Dismiss 9–10, ECF No. 7.
[4] Pl.'s Resp. 11, ECF No. 10.
[5] Order 5, Apr. 16, 2025, ECF No. 5 (emphasis added).

### B. Americans with Disabilities Act Claims

Plaintiff alleges that Defendant violated the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. ("ADA") by (1) discriminating against her disability, (2) not accommodating her disability, and (3) retaliating against her for filing an accommodation request.[6] Defendant moves to dismiss Plaintiff's ADA claims under Federal Rule of Civil Procedure 12(b)(6) arguing the claims are time barred and for failure to state a claim upon which relief can be granted.[7] Having reviewed the Parties' briefing and the applicable law, the Court finds that Plaintiff's ADA claims are time barred. Because Plaintiff's ADA claims are time barred, the Court does not reach Defendant's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Before filing a lawsuit for ADA violations, a Plaintiff must timely file a charge with the Equal Employment Opportunity Commission ("EEOC") and receive a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). A claimant then has ninety days to file a lawsuit after receipt of such a letter or the suit is untimely. *Id*. "The ninety-day window is strictly construed." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (internal citation omitted). Here, Plaintiff does not state when she received her right to sue letter. Plaintiff's EEOC letter was issued on September 23, 2024.[8] But her lawsuit was not filed until 102 days later on January 3, 2025—twelve days past the ninety-day deadline.[9] Plaintiff argues that her lawsuit is timely because the date of receipt should be the date the document was viewed and "the document was viewed days after the EEOC issue[d] the right-to-sue letter."[10] This argument is not

---

[6] Def.'s Mot. Dismiss 9–10, ECF No. 7.
[7] Pl.'s Resp. 11, ECF No. 10.
[8] Def.'s Mot. Dismiss Ex. B, ECF No. 7.
[9] *See* Pl.'s Compl., ECF No. 1.
[10] Pl.'s Resp. 4, ECF No. 10.

convincing. A plaintiff cannot refuse to view an EEOC notice and thereby indefinitely extend the filing deadline.

In the Fifth Circuit, if "the parties dispute the date of receipt, if the date is unknown, or if the plaintiff fails to allege the date of receipt, we presume that the plaintiff received the EEOC's letter, at most, seven days after it was mailed." *Wright v. Arlington Indep. Sch. Dist.*, 834 F. Appx. 897, 901 (5th Cir. 2020). While is not clear from the Parties' briefing how Plaintiff received the EEOC letter, the letter's use of the word "view" suggests the letter was delivered electronically through email or an online portal. If so, then the letter would be available to view and thus received the day it was issued. However, even if the letter were mailed and the Court applied the maximum number of days the Fifth Circuit has allowed under the presumption of receipt doctrine—i.e. seven days—Plaintiff's lawsuit would still be five days too late. Thus, regardless of delivery method, Plaintiff's ADA claims are untimely. Accordingly, Defendant's Motion to Dismiss Plaintiff's ADA claims is **GRANTED**.

### i. Leave to Amend

If a plaintiff's pleadings are deficient under Rule 12(b)(6), a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). But "leave to amend under Rule 15 is by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). One of the permissible reasons for denying a request for leave to amend is if the amendment would be futile. *Id.*

Allowing Plaintiff to amend her complaint would be futile because Plaintiff's claims are time barred, which cannot be fixed by amending her complaint. Moreover, Plaintiff has not requested leave to amend. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir.

Sept. 1, 2021) ("While a court should freely give leave when justice so requires, a party must first ask the district court for leave to amend."). Accordingly, Plaintiff's ADA claims are **DISMISSED with prejudice**.

### C. Texas Labor Code Claims

Plaintiff additionally asserts claims for disability discrimination and hostile work environment under Texas Labor Code § 21.051.[11] However, Plaintiff brought this case under federal question subject matter jurisdiction and the Court has dismissed Plaintiff's federal claims thus removing the Court's original jurisdiction.

While the Court retains a right to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367, a district court has broad discretion to decline to exercise jurisdiction. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). When making this decision, courts should consider the "common-law factors of 'judicial economy, convenience, fairness, and comity.'" *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016)). The Fifth Circuit has stated that courts should generally decline to exercise supplemental jurisdiction over state-law claims when all federal claims have been dismissed. *See Manyweather*, 40 F.4th at 246.

Because the Court has dismissed all federal claims for which it had original jurisdiction, and this case is not in its late stages, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, Plaintiff's claims for disability discrimination and hostile work environment under Texas Labor Code § 21.051 are **DISMISSED without prejudice**. And

---

[11] Pl.'s Compl. 7–10, ECF No. 1.

because the Court declines to exercise jurisdiction over these claims, it **DENIES as moot** Defendant's Motion to Dismiss as to these claims.

IV. **CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5). Defendant's Motion to Dismiss Plaintiff's disability discrimination, failure to accommodate, and retaliation claims under the Americans with Disabilities Act is **GRANTED,** and because these claims are time barred, they are **DISMISSED with prejudice**. Having dismissed Plaintiff's claims over which the Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction, and thus, Plaintiff's claims for disability discrimination and hostile work environment under the Texas Labor Code are **DISMISSED without prejudice**. Accordingly, the Court **DENIES as moot** Defendant's Motion to Dismiss these claims.

**SO ORDERED** on this **19th day** of **November, 2025**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**